UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY,

    *Plaintiff*,                                CASE NO. 12-cv-13246

v.                                        DISTRICT JUDGE GERALD E. ROSEN
                                          MAGISTRATE JUDGE CHARLES BINDER

COMMISSIONER OF SOCIAL SECURITY,
*Michael J. Astrue*;
GLENN E. SKIAR, *Deputy Commissioner, Disability and Adjudication and Review*;
DEBRA BICE, *Chief ALF, Office of the Administrative Law Judge*;
DEBBY S. ELLIS, *Assoc. Commissioner, Office of Applications and Supplemental Security Income Systems*;
ARTHUR R. SPENCER, *Assoc. Commissioner, Office of Disability Programs*;
A. JACY THURMOND, JR., *Assoc. Commissioner, Hearings and Appeals*;

    *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants Glenn E. Skiar, Debra Bice, Debby S. Ellis, Arthur R. Spencer, and A. Jacy Thurmond, Jr., be **DISMISSED WITH PREJUDICE** and that the Complaint be **SERVED** on the Defendant Commissioner of Social Security.

**II.    REPORT**

    **A.    Introduction**

Plaintiff David Hardy is a prisoner incarcerated by the Michigan Department of Corrections ("MDOC"). On July 24, 2012, Plaintiff filed a *pro se* complaint with exhibits comprising 191 pages (Doc. 1) and an application to proceed without prepayment of fees. (Doc. 2.) On August 14, 2012, the case was referred to the undersigned magistrate judge. Plaintiff's application to proceed without prepayment of fees was granted on August 29, 2012. After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

    **B.    Standard of Review**

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on defendants if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### C. The Complaint

Plaintiff utilized one of this district's standard Prisoner Civil Rights Complaint forms to bring forward his case. (Compl., Doc. 1.) He explains, however, that he is filing suit under both 42 U.S.C. § 1983 (civil rights violations) and 42 U.S.C. § 405(g) (social security benefit appeal). (*Id*. at 5.) The complaint reveals that Plaintiff originally filed for Supplemental Security Income ("SSI") benefits on August 3, 2006, and his claim was denied on November 17, 2006. Upon Plainitff's request for further review, a hearing was held on April 30, 2009, with Plaintiff appearing at the Chippewa Correctional Facility. (Doc. 1-1 at 52.) Plaintiff's claim was denied in a decision dated July 1, 2009, by Administrative Law Judge Alan Paez. (Doc. 1 at 44-46; Doc. 1-1 at 53-61.) Plaintiff appealed to the Appeals Council as directed and the Appeals Council remanded the case for a new hearing. ALJ Craig Peterson held the new hearing on November 10, 2011, at the Alger Correctional Facility. (Doc. 1-1 at 34.) ALJ Peterson denied the claim for benefits in a decision dated December 7, 2011. (Doc. 1 at 54-66.)

Plaintiff attached to his complaint a copy of his "formal request for an Appeal to the Appeals Council," which was dated February 6, 2012 (within the allowable 60-day period) and also attached a copy of his postage disbursement from that day showing mail sent to the Appeals Council. (*Id*. at 69-70.) Plaintiff claims that he has "never received any word back from the Appeals Council, either stating that they were going to accept my appeal and render a decision, or reject my request," or send it back to an ALJ. (*Id*. at 11-12.)

Plaintiff claims that the lack of response to his appeal and therefore the de facto denial of SSI benefits violated his due process rights and also violated certain portions of the Code of Federal Regulations. (*Id*. at 8.) Plaintiff has not requested monetary relief from the named defendants, but only seeks an award of social security benefits. (*Id*. at 42.)

**D.     Analysis & Conclusion**

**1.     Defendants Skiar, Bice, Ellis, Spencer, and Thurmond**

It has long been held that an allegation of due process (or other constitutional) violation stemming from the mishandling of a social security application does not state a civil rights claim addressable under § 1983. *See Schweiker v. Chillicky*, 487 U.S. 412. 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988); *Giese v. Sec'y of HHS*, 522 F.3d 697, 707-08 (6th Cir. 2008). I therefore suggest that Plaintiff has failed to state a claim against Defendants Skiar, Bice, Ellis, Spencer, and Thurmond, and that these defendants should be dismissed with prejudice.

**2.     Defendant Commissioner of Social Security**

With regard to the Defendant Commissioner, however, I suggest that the complaint be construed as a writ of mandamus under 28 U.S.C. § 1361 and served on the defendant.

In *Ledford v. Astrue*, No. CV 408-143, 2008 WL 5170298 (S.D. Ga. Sept. 8, 2008), a prisoner filed a complaint in federal district court alleging that he did not get a response from the Appeals Council, and stated that he wanted relief from the "discrimination, deliberate indifference, and denial of due process" he suffered. *Id.* at *2. He stated that he wanted the Defendant Commissioner to be "held accountable under all applicable state and federal laws" and that the Defendant should "honor [its] own guidelines" in affording a proper review of his claim. *Id*. The district court construed his complaint as a petition for mandamus under 28 U.S.C. § 1361, granted IFP, and directed service on the Commissioner, stating as follows:

> [M]any other jurisdictions have examined situations where the Appeals Council has failed to act on a plaintiff's request for review. While the Supreme Court has yet to determine whether mandamus jurisdiction is appropriate to review SSA procedures, multiple circuits have held it proper. Under 28 U.S.C. § 1361, mandamus will issue when three basic elements co-exist: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available. These circuits have found mandamus proper in situations like Ledford's because: (1) plaintiffs who have filed a timely request for Appeals Council review have a clear right to a decision (either a denial of the request or a review of the case); (2) an action seeking to compel the Appeals Council to perform its duties with respect to a timely request (i.e., either deny the request or review the case) is procedural in nature, is nondiscretionary, and does not involve a determination of the merits; and (3)

>claimants in these situations have no other avenues for review. *See Dietsch*, 700 F.2d at 868; *Burnett v. Bowen*, 830 F.2d 731, 737-39 (7th Cir. 1987); *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003); *see also Caswell v. Califano*, 435 F. Supp. 127, 133 (D. Me. 1977) (same holding and reasoning, but in context of compelling SSA to promptly provide a hearing before an ALJ upon an appeal from an initial denial of social security disability benefits).
>
>Here, Ledford alleges that the hearing before the second ALJ was held on June 18, 2007, and that he submitted his request for review of the ALJ's decision in July 2007. Although he does not provide exact dates for his receipt of the decision and his filing of the request, even if he received the ALJ's decision on June 18 (the earliest possible date) and filed his request on the last day of July, clearly no more than 60 days could have elapsed between the two. If Ledford's claim that his request was timely made is true, then this Court may consider this action and determine whether mandamus is appropriate.
>
>As a result, the Court finds that the facts, as stated by Ledford and read in a way most favorable to him, state a cognizable claim on which relief may be granted. Service upon the defendant [Commissioner] is proper at this time.

*Id*. at *3.

I suggest that the same reasoning applies here. Plaintiff has supplied documentation indicating that his request for an Appeals Council review was timely made, and therefore he is entitled to a response.

Accordingly, I suggest that the complaint be forwarded to the Marshal for service on the Defendant Comissioner of Social Security.


**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise

others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Dated: September 17, 2012

s/ Charles E Binder
CHARLES E. BINDER
United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on David Hardy, #159525, Kinross Correctional Facility, 16770 S. Watertower Dr., Kincheloe, MI, 49788; and served on District Judge Rosen in the traditional manner.

Date: September 17, 2012

By  s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder