**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID HARDY,

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
________________________________/

Case No. 12-13246
Hon. Gerald E. Rosen
Magistrate Judge Charles E. Binder

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on ______________________________

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

On September 17, 2012, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending (i) that the claims asserted by Plaintiff David Hardy against individual Defendants Glenn E. Skiar, Debra Bice, Debby S. Ellis, Arthur R. Spencer, and A. Jacy Thurmond, Jr. be dismissed, and (ii) that Plaintiff be permitted to go forward with his claims against the Defendant Commissioner of Social Security arising from the denial of his application for Supplemental Security Income ("SSI") benefits and the alleged failure of the Appeals Council to issue a decision on his administrative appeal from the denial of SSI benefits. Plaintiff filed objections to the R &

R on October 2, 2012. Having reviewed the R & R, Plaintiff's objections, and Plaintiff's underlying *pro se* complaint, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's R & R in its entirety.

As his principal objection to the R & R, Plaintiff contends that the Magistrate Judge erred in determining that his claims against the five above-mentioned Defendants are subject to dismissal. In Plaintiff's view, he has stated viable claims against at least some of these individuals,[1] in light of his allegations that these high-level officials of the Social Security Administration implemented policies and procedures that resulted in the selection of consultative examiners who were incompetent or conducted "sham" evaluations. Plaintiff evidently asserts that these alleged deficiencies in Social Security Administration policies and procedures operated to violate his right to due process under the U.S. Constitution.

Yet, as the Magistrate Judge correctly observed, the Supreme Court has expressly held that no such constitutional due process claim may be brought against individual Social Security Administration officials arising from the denial of an application for Social Security benefits. In *Schweiker v. Chilicky,* 487 U.S. 412, 414, 108 S. Ct. 2460, 2463 (1988), the Court addressed the question "whether the improper denial of Social Security benefits, allegedly resulting from violations of due process by government

[1]Plaintiff refers to only three of these five individuals in his objections to the R & R, and makes no argument as to how the Magistrate Judge might have erred in recommending the dismissal of his claims against the other two individuals, Defendants Ellis and Thurmond.

officials who administered the federal Social Security program, may give rise to a cause of action for money damages against those officials." Among the due process violations claimed by the plaintiffs in that case, they alleged that the defendant government officials had engaged in the "[p]urposeful selection of biased physicians and staff to review claims." *Schweiker,* 487 U.S. at 420 n.2, 108 S. Ct. at 2466 n.2. The Supreme Court held that a claim for money damages against the defendant officials for alleged due process violations in the handling of the plaintiffs' claims for Social Security benefits was "unavailable as a matter of law," explaining that Congress had not seen fit to include such a remedy in the "elaborate remedial scheme" through which these benefits are awarded. *Schweiker*, 487 U.S. at 414, 429, 108 S. Ct. at 2463, 2471; *see also McKenna v. Commissioner of Social Security*, No. 97-6466, 1998 WL 466557, at *2 (6th Cir. July 31, 1998) (characterizing *Schweiker* as ruling that "the improper denial of Social Security benefits allegedly resulting from due process violations by the administrators of the program could not give rise to a constitutional tort claim").

The claims asserted by Plaintiff here against five individual Social Security Administration officials cannot be meaningfully distinguished from the due process claims that were disallowed in *Schweiker.* There, as here, the plaintiffs alleged that the defendant government officials had "policymaking roles" in the administration of the Social Security program, and that they had "adopted illegal policies" through which the plaintiffs were denied Social Security benefits to which they otherwise were entitled. *Schweiker,* 487 U.S. at 418, 108 S. Ct. at 2465. *Schweiker* holds that such alleged due

process violations do not give rise to a claim for money damages against individual government officials. In light of this precedent, the Magistrate Judge did not err in recommending the dismissal of Plaintiff's claims against the five individual Defendants.

This leaves only Plaintiff's objection that, under his reading of the R & R, the Magistrate Judge appeared to fault him for failing to request monetary relief from the five individual Defendants, and for instead seeking only an award of Social Security benefits. Plaintiff suggests that any such defect in his initial complaint could easily be overcome through an amendment in which he explicitly requests such an award of additional monetary relief. As explained, however, *Schweiker* forecloses any such recovery of monetary relief from the five individual Defendants under a due process theory, and leaves Plaintiff to the remedies available under the Social Security Act. Accordingly, any such proposed amendment of Plaintiff's complaint would be futile.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections to the Magistrate Judge's September 17, 2012 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's R & R is

ADOPTED as the ruling of this Court. Finally, IT IS FURTHER ORDERED, for the reasons set forth above and in the Magistrate Judge's R & R, that Plaintiff's claims against Defendants Skiar, Bice, Ellis, Spencer, and Thurmond are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted, and that Plaintiff's complaint shall be forwarded to the Marshal for service on the sole remaining Defendant, the Commissioner of Social Security.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 6, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 6, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager