UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY,

    *Plaintiff*,

*v*.                                      CASE NO. 12-CV-13246

COMMISSIONER OF            DISTRICT JUDGE GERALD E. ROSEN
SOCIAL SECURITY,            MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
(Doc. 11)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss for lack of subject matter jurisdiction be **GRANTED**.

**II.    REPORT**

    **A.    Introduction**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits. In lieu of filing an answer to the complaint, Defendant Commissioner filed a motion to dismiss based on lack of subject matter jurisdiction for Plaintiff's failure to exhaust administrative remedies. (Doc. 11.)

**B.     Analysis**

The "general rule that parties exhaust administrative remedies before seeking relief from the federal courts" is well established. *McCarthy v. Madigan*, 503 U.S.140, 144-45, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992). Statutory law governing social security cases provides that:

> Any individual, after *any final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days...

42 U.S.C. § 405(g)(emphasis added). In addition, 42 U.S.C. § 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided..." Thus, Congress has clearly stated that § 405(g) is the sole basis for judicial review of the Commissioner's decisions.

The sole exception to this rule was explained in *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977):

> [c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence.

*Sanders*, 430 U.S. at 109. Therefore, "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981). Mere incantation of the Constitution is insufficient to raise a constitutional issue. As explained by the Sixth Circuit in *Ingram v. Secretary of Health & Human Services*:

> The Supreme Court has noted that federal courts are without jurisdiction to review a decision of the Secretary refusing to reopen previously adjudicated

2

> claims, at least in the absence of a constitutional challenge. *Califano v. Sanders*, 430 U.S. 99, 97 S. Ct 980, 51 L. Ed. 2d 192 (1977). *Simply couching in constitutional language what is in reality an argument, that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.*

830 F.2d 67, 67 (6th Cir. 1987) (emphasis added). In the instant case, Plaintiff has not made any claims implicating constitutional violations that would justify waiving the exhaustion requirement. Although Plaintiff cites the due process clause, he states that he is seeking review under §405(g) and has not raised any colorable constitutional claim. (Doc. 1 at 7.); *Ingram, supra.*

42 U.S.C. § 405(g) authorizes judicial review only after a plaintiff has exhausted administrative remedies. The regulations delineate a four-step administrative review process that must be followed before a decision will be considered final and subject to judicial review: (1) an initial decision; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) review by the Appeal Council. 20 C.F.R. § 416.1400(a)(5). Therefore, a final decision is reached only after a plaintiff receives either a decision by the Appeals Council or a notice from the Appeals Council that it is denying the request for review. 20 C.F.R. §§ 416.1400(a), 416.1481, 422.210. Without a final decision, the court does not have subject matter jurisdiction to review the matters asserted in the complaint. *Hines v. Astrue*, 876 F. Supp. 2d 1001, 1004 (S.D. Ohio 2012).

In the instant case, Defendant has provided a Declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Adjudication and Review, Social Security Administration. (Doc. 11, Ex. 1.) Mr. Herbst indicates that on February 23, 2011, the Appeals Council remanded the case to an ALJ, that on December 7, 2011, an ALJ issued a second unfavorable decision and that Plaintiff has filed a

request for review of that decision but that the Appeals Council has not completed its review. (Doc. 11, Ex. 1 at 3.) Defendant attaches the relevant documentation supporting the declaration. (Doc. 11, Ex. 1.)

Since Plaintiff has not yet received a decision or a notice denying review from the Appeals Council, Plaintiff has not exhausted his administrative remedies and has not obtained a decision subject to judicial review. I therefore suggest that the complaint must be dismissed.

### C.     Conclusion

I therefore recommend that Defendant's motion to dismiss be granted and the case be dismissed.

### III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail

with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ Charles E Binder
                                            CHARLES E. BINDER
Dated: March 11, 2013                            United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and on the following non-ECF participant via the United States Postal Service: David Hardy # 159525, Kinross Correctional Facility, 16770 S. Watertower Drive, Kincheloe, MI 49788.

Date:  March 11, 2013                      By     s/Patricia T. Morris
                                                          Law Clerk to Magistrate Judge Binder