UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HARDY,

      Plaintiff,

                                  Case No. 12-13246
v.                                     Hon. Gerald E. Rosen
                                  Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

**ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         May 13, 2013        

PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

On March 13, 2013, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion to dismiss, and that this suit be dismissed in light of Plaintiff David Hardy's failure to fully exhaust his administrative remedies and secure a final agency decision that would be subject to this Court's review.  Plaintiff filed objections to the R & R on March 26, 2013.  Having reviewed the R & R, Plaintiff's objections, Defendant's underlying motion, Plaintiff's response, and the remainder of the materials in the record, the Court overrules Plaintiff's objections and adopts the

Magistrate Judge's R & R in its entirety.

Plaintiff first objects that the Magistrate Judge acted in excess of his authority under 28 U.S.C. § 636(b)(1) by purportedly "adjudicat[ing]" the dispositive motion to dismiss filed by the Defendant Commissioner.  Yet, as observed in the plain language of the August 14, 2012 order through which this Court referred this matter to the Magistrate Judge for all pre-trial proceedings, the Magistrate Judge was authorized under 28 U.S.C. § 636(b)(1)(B) to issue reports and recommendations as to any motions filed by the parties that fell outside the ambit of the non-dispositive motions that § 636(b)(1)(A) permits a Magistrate Judge to "hear and determine" on his own.  The Magistrate Judge followed precisely this course here, issuing an R & R pursuant to § 636(b)(1)(B) recommending the appropriate disposition of the Defendant Commissioner's motion to dismiss.  This R & R is not an "adjudication" of Defendant's motion, but rather a recommendation to the Court as to how this motion should be resolved, and the Court is free to accept this recommendation or proceed otherwise as it sees fit.  *See* 28 U.S.C. § 636(b)(1).  Plaintiff, in turn, has had the opportunity granted under § 636(b)(1) to lodge written objections to the Magistrate Judge's R & R.  Accordingly, the Court finds no merit in Plaintiff's first objection to the R & R.

Next, Plaintiff seems to believe that the Magistrate Judge has faulted him for failing to properly pursue the "four-step administrative review process" outlined in the R & R.  (R & R at 3.)  To the contrary, the Magistrate Judge expressly recognized that Plaintiff had proceeded through this process, but merely noted that the last step of this

process is still ongoing because "the Appeals Council has not completed its review." (R & R at 4.) Contrary to his suggestion in his objections, Plaintiff is not being penalized for any failure to follow "the instructions from the SSA." (Plaintiff's Objections at 3.) Rather, in the absence of a "decision or a notice denying review from the Appeals Council," the Magistrate Judge correctly observed that there is not yet a final administrative decision that this Court may review, and that this case therefore is subject to dismissal for lack of a "decision subject to judicial review" and for lack of full and complete exhaustion of each of the administrative remedies made available to Plaintiff. (R & R at 3-4.)[1]

Finally, Plaintiff uses his objections to the R & R as an opportunity to once again complain of purported deficiencies in the handling of his claim for Supplemental Security Income benefits, and to attempt to resurrect other claims asserted in his complaint that were held not to be viable in this Court's prior December 6, 2012 order. These matters were thoroughly addressed in the Magistrate Judge's earlier September 17, 2012 R & R and the Court's December 6, 2012 order adopting this R & R, and the Court sees no basis for revisiting these matters here or reconsidering its prior ruling. Rather, when Plaintiff fully exhausts his administrative remedies and receives a final decision on his claim for

---

[1] To the extent that Plaintiff suggests that these administrative remedies are flawed because they pose the danger of a "never-ending cycle" in which the Appeals Council repeatedly remands the case to an Administrative Law Judge for further administrative proceedings, the single remand that evidently occurred in this case cannot be said to trigger this concern. In any event, this Court is not at liberty to dispense with the administrative review process put into place by statute and implemented by the Defendant Commissioner under authority granted to her by Congress.

benefits, he may then pursue any desired and available judicial challenge to this final agency decision. The present action, simply stated, is premature.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections to the Magistrate Judge's March 11, 2013 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's R & R is ADOPTED as the ruling of this Court. Finally, IT IS FURTHER ORDERED, for the reasons set forth above and in the Magistrate Judge's R & R, that the Defendant Commissioner's March 8, 2013 motion to dismiss (docket #11) is GRANTED, and that Plaintiff's claims against the Defendant Commissioner are DISMISSED for lack of a final agency decision that is subject to judicial review.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: May 13, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 13, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135